# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

HIPOLITA GONZALEZ and
SONIA SCALZI,
     Plaintiff

v.

ASSOCIATION LAW GROUP, PL
And THE TWIN TOWERS CONDOMINUM
ASSOCIATION, INC.
     Defendants
_____/

## COMPLAINT

COME NOW, the Plaintiffs, **HIPOLITA GONZALEZ** and **SONIA SCALZI** ("Plaintiffs"), who alleges that Defendants, **ASSOCIATION LAW GROUP, PL** and **THE TWIN TOWERS CONDOMINIUM, INC.** ("Defendants") have violated sections 15 U.S.C. § 1692 *et seq.*, under the Fair Debt and Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.72 *et seq.*, under the Florida Consumer Collection Protection Act ("FCCPA") respectively, for their illegal conduct in collecting an expired debt, and respectfully requests the imposition of statutory damages, actual damages, attorney's fees and costs, and for declaratory and injunctive relief in equity, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is conferred by Fla. Stat. §559.77(1) and 16 U.S.C. §1692k(d) which grants the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

2. Venue in the United States District Court for the Southern District of Florida is proper under 28 U.S.C. §1391(b) because Association Law Group, P.L. and The Twin Towers Condominium, Inc. transact business in the district and because the events at issue took place in this district.

1

3.  Plaintiff, HIPOLITA GONZALEZ (hereinafter referred to as "GONZALEZ"), is an individual, over the age of eighteen (18) and at all times relevant hereto the owner of the property located at 1640 West Avenue, Apt 305, Miami Beach, Florida 33139 ("Property") within the condominium known as Twin Towers Condominium Association, Inc.

4.  Plaintiff, SONIA SCALZI (hereinafter referred to as "SCALZI"), is an individual, over the age of eighteen (18) and at all times relevant hereto the owner of the Property and residing in Hollywood, Florida.

5.  Defendant, Association Law Group (ALG), a Florida limited liability corporation, for-profit entity with its principal place of business at 1200 Brickell Avenue, PH 2000, Miami, Florida 33231, and that, itself and through its lawyers and employees, regularly collects debts allegedly owed to another in Florida.

6.  Defendant, The Twin Towers Condominium, Inc., a Florida Not for Profit Corporation, with its principal place of business at 12895 SW 132nd Street, Suite 103, Miami, Florida 33186 regularly collects debts from condominium owners in Florida.

## GENERAL ALLEGATIONS

7.  At all times relevant hereto, Defendants are "persons" pursuant to Florida Statute § 559.55(3). *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4 DCA 2002).

8.  GONZALEZ is a natural person who owns property at 1640 West Avenue, Apt. 305, Miami Beach, Miami Dade County, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Florida Statute §559.55(8).

9.  SCALZI is a natural person who owns property at 1640 West Avenue, Apt. 305, Miami Beach, Miami Dade County, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Florida Statute §559.55(8)..

2

10. At all times herein, ALG is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Florida Statutes § 559.55(6).

11. At all times herein, The Twin Towers Condominium, Inc. is a "debt collector" as defined by Florida Statutes § 559.55(6).

12. ALG and The Twin Towers Condominium, Inc. use interstate mail while engaging in businesses the principal purpose of which are the collection of debts, directly or indirectly from consumers, allegedly due to another or due to the business.

13. At all times relevant hereto, ALG and The Twin Towers Condominium, Inc. attempted to collect a debt, specifically, assessments and other condominium association fees that GONZALEZ and SCALZI are allegedly obligated to pay to Twin Towers Condominium Association (hereinafter the "Debt").

14. At all times relevant hereto, the Debt was a consumer debt, incurred primarily for personal, household or family use and GONZALEZ and SCALZI are "debtors" or "consumers" as those terms are defined by FCCPA, §559.55(2), and the FDCPA, §1692a(3).

15. At all times relevant hereto, ALG and The Twin Tower Condominium, Inc.'s conduct, with regard to the Debt complained of below, qualifies as a "communication" as defined by Florida Statutes §559.55 and 15 U.S.C. §1692a(2).

16. At all times relevant hereto, ALG and The Twin Towers Condominium, Inc. acted itself or through its agents, employees, third-party vendors, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. All conditions precedent to bringing this action have been performed, waived or excused.

3

## FACTUAL ALLEGATION COMMON TO ALL COUNTS

18. GONZALEZ and her husband purchased the property located at 1620 West Avenue, Unit

    305, Miami Beach, Florida 33139 ("Property"), more specifically described below:

    > Unit 305, Condominium Parcel No. 11, in the Twin Towers North Building, of Twin
    > Towers Condominium, according to the Declaration of Condominium, recorded in
    > Official Records Book 4675, Page 388, of the Public Records of Miami Dade County,
    > Florida.

    > Initially this property was the GONZALEZ' primary residence with her now deceased

    > husband.

19. After GONZALEZ's husband's death, the property was transferred to her and SCALZI.

20. On November 18, 2015, prior management, on behalf of Twin Towers Condominium,

    sent a "Late Notice" to GONZALEZ stating that the unpaid balance of $416.12 was due

    and owing.  Regatta Real Estate Management provided no explanation regarding what

    maintenance payments were due.  Late Notice attached as **Exhibit A.**

21. On January 27, 2016, prior management company, Regatta Real Estate Management, on

    behalf of Twin Towers Condominium Association, sent a "Late Notice" to GONZALEZ

    stating that $516.61 was due and owing.  There is no indication about the time frame for

    which the late maintenance fees are due.  Late Notice attached as **Exhibit B.**

22. On May 20, 2016, prior management company, Regatta Real Estate Management, on

    behalf of Twin Towers Condominium Association, sent a "Late Notice" to GONZALEZ

    stating that $425.16 was due and owing.  There is no indication about the time frame for

    which the late maintenance fees are due.  Late Notice attached as **Exhibit C.**

23. On or about April 27, 2017, ALG on behalf of Twin Towers Condominium sent a

    "Notice of Intent to Record a Claim of Lien" to GONZALEZ and SCALZI.  According to

    the Notice the amounts due included Maintenance April 1, 2015 to March 13, 2017

    ($1,574.28); Regular & Certified Mail charges ($7.54); Late fees ($0.00); and Attorney's

Fees & Costs (including interest thereon, if any) due to ALG from Association ($2,452.91).  The total outstanding according to the Notice was $4,034.73.  A true and correct copy of the Late Notice from Twin Towers Condo is attached as **Exhibit D.**

24. On or about September 6, 2017, ALG on behalf of Twin Towers Condominium sent a "Notice of Intent to Record a Claim of Lien" to GONZALEZ and SCALZI.  According to the Notice the amounts due included Maintenance April 1, 2015 to August 3, 2017 ($3,122.61); Late fees, if applicable ($200.00); Interest through April 27, 2017 ($33.93); Regular & Certified mail charges ($14.10); Other costs (0.00); and Attorney's Fees & Costs (including interest thereon, if any) due to ALG from Association ($1,793.28).  The total outstanding according to the Notice was $5,163.92.  A true and correct copy of the Notice of Intent to Record a Claim of Lien is attached as **Exhibit E.**

25. The Notices dated April 27, 2017 and September 6, 2017 sought late fees, interest, certified mail charges, and other costs some or all of which on information belief are not authorized by or calculated in accordance with Florida law and / or the relevant Declaration.

26. On or about October 10, 2017, in response to a request made by undersigned on behalf of GONZALEZ and SCALZI, ALG provided a Payoff Estoppel, Statement of Account, and payment history.  This is a debt communication because it was in response to a request for how much was owed.  The Payoff Estoppel states the amount owed is $4,846.80.  The amount includes the amount owed the association through November 14, 2017 ($4,391.54) from an unknown start date, Disbursements made to the Association ($1,472.50), Attorneys' Fees ($1,397.76), and credit for payments received ($2,415.00).  A true and correct copy of the payoff estoppel, ledger and payment history is attached as **Exhibit F.**

27. On or about November 16, 2017, ALG on behalf of Twin Towers Condominium sent a letter titled "Delinquent Assessments" to MRS. GONZALEZ and SCALZI.  According to the letter GONZALEZ and SCALZI owe assessments, interest, and late fees totaling $3,763.82 from April 30, 2015.  A true and correct copy of the Delinquent Assessments is attached as **Exhibit G.**  The Delinquent Assessments Letter states that "a Claim of Lien has been filed against your property because you have not paid the maintenance, special and/or individual assessments to the Association."

28. In fact, the Claim of Lien was not recorded against the Property until November 22, 2017 at OR Book 30765 Page 1640 of the Public Records for Miami Dade County, Florida.

29. On or about November 22, 2017, ALG recorded a Claim of Lien in the Miami Dade County Public Records at Official Records Book 30765 Page 1640.  According to the Claim of Lien "Regular and Special Assessments, Interest, Late Charges, Costs & Attorneys' Fees due Prior Attorney, if any" were requested.  The total amount alleged was $3,763.82.  A true and correct copy of the Claim of Lien is attached as **Exhibit H.**

30. On February 22, 2019, ALG sent a "Notice of Intent to Record a Claim of Lien" listing maintenance due from April 1, 2015 to February 6, 2015 ($5,807.00), interest, late fees, and other costs as $0.00, regular & certified mail ($56.20), and attorney's fees o ($3,054.04).

31. The Notices, Delinquent Assessments Letter, Claim of Lien, and Ledger represent baseless and different amounts owed.

32. ALG and The Twin Tower Condominium, Inc.'s conduct, as described herein, is a knowing, willful, and continuing violation of GONZALEZ and SCALZI's rights as enumerated under FDCPA and FCCPA.  They are both harmed individually from ALG's actions.

33. Florida Statutes §559.77 provides for the award of up to $1,000.00 statutory damages per independent violation plus actual damages, punitive damages, and an award of attorneys' fees, and costs to Plaintiffs should Plaintiffs prevail in this matter against Defendants.

34. United States Code Title 15 §1692k(a)(2)(A) provides for an award of up to $1,000.00 statutory damages plus actual damages, and an award of attorneys' fees to Plaintiffs should Plaintiffs prevail in this matter against Defendants.

35. Any and all necessary conditions precedent to the bringing of this action have either occurred or have been excused by ALG.

36. GONZALEZ and SCALZI contend that the illegal action of the Defendants has harmed the Plaintiffs, resulting in mental anguish, humiliation, a loss of reputation, and expenditures for attorneys' fees, filing fees and other costs.

**COUNT ONE:**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**VIOLATION OF FLORIDA STATUTES § 559.55 et seq (FCCPA)**

37. GONZALEZ and SCALZI reallege paragraphs 1 – 36 and incorporate the same as if fully re-written.

38. When ALG and TWIN TOWERS CONDOMINIUM, INC. sought to collect the debt under the above stated circumstances, they engaged in prohibited behavior.

39. The above described debt collection communication made to and about GONZALEZ and SCALZI by ALG and TWIN TOWERS CONDOMINIUM, INC. are made in violation of numerous and multiple provisions of FCCPA.

40. ALG and TWIN TOWERS CONDOMINIUM, INC. are subject to and have violated provisions of Florida Statutes § 559.55 et seq (FCCPA) by falsely representing the character, amount, or legal status of any debt.

41. Specifically, on information and belief, ALG and THE TWIN TOWERS CONDOMINIUM, INC. misrepresented the amount of debt that GONZALEZ and SCALZI was obligated to pay in the Late Notices, Delinquent Assessments Letter, Claim of Lien, Estoppel, Ledger, and Payment History.

42. The amount of interest that was calculated exceeded the amount permitted by Florida Statutes and the relevant homeowners association declaration.

43. The amount of late fees charged exceeded the amount permitted by Florida Statutes and the relevant homeowners association declaration.

44. ALG and TWIN TOWER CONDOMINIUM, INC. misrepresented the amount of the debt because at least some portion of the amounts provided in the Notices, Delinquent Assessments Letter, Claim of Lien, Estoppel, Ledger, and Payment History were calculated in violation of Florida Statutes and/or the homeowner association documents.

45. ALG and THE TWIN TOWER CONDOMINIUM, INC. misrepresented the amount owed by claiming baseless and differing amounts in various communications, which would be misleading and confusing to the least sophisticated consumer.

46. ALG and THE TWIN TOWER CONDOMINIUM, INC. misrepresented the legal status of the Debt in the Delinquent Assessments Letter because the Delinquent Assessments Letter stated that a lien had been filed against the Property securing the Debt despite that the lien was not actually recorded against the Property until November 22, 2017.

47. As a direct and proximate result of ALG and THE TWIN TOWER CONDOMINIUM, INC.'s actions, Plaintiffs has sustained damages as defined by Florida Statute.

WHEREFORE, Plaintiffs, GONZALEZ and SCALZI, request this Court enter a judgment against Defendant Association Law Group, P.L. and THE TWIN TOWER CONDOMINIUM

ASSOCIATION for each violation in the amount of $1,000.00 statutory damages, actual

damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT TWO:**
**FAIR DEBT COLLECTION PRACTICES**
**ACT VIOLATION OF 15 U.S.C. §1692e(2)(A)**

48. GONZALEZ and SCALZI reallege paragraphs 1 – 36 and incorporate the same as if fully
    re-written.

49. When ALG sought to collect the debt, it became a "debt collector" and acted in violation
    of the statute.

50. The above described debt collection communication made to and about GONZALEZ and
    SCALZI by ALG are made in violation of numerous and multiple provisions of FDCPA.

51. ALG is subject to and has violated provisions of 15 U.S.C. §1692e(2)(A) by falsely
    representing the character, amount, or legal status of any debt.

52. Specifically, on information and belief, ALG misrepresented the amount of debt that
    GONZALEZ and SCALZI was obligated to pay in the Late Notices, Delinquent
    Assessments Letter, Claim of Lien, Estoppel, Ledger, and Payment History.

53. The amount of interest that was calculated exceeded the amount permitted by Florida
    Statutes and the relevant homeowners association declaration.

54. The amount of late fees charged exceeded the amount permitted by Florida Statutes and
    the relevant homeowners association declaration.

55. ALG misrepresented the amount of interest and/or late fees that were owed in the Notice,
    Delinquent Assessments Letter, Claim of Lien, Complaint, Estoppel and Ledger.

56. ALG misrepresented the amount of the debt because at least some portion of the amounts
    provided in the Notices, Delinquent Assessments Letter, Claim of Lien, Estoppel, Ledger,

and Payment History were calculated in violation of Florida Statutes and/or the homeowner association documents.

57. ALG misrepresented the amount owed by claiming baseless and differing amounts in various communications, which would be misleading and confusing to the least sophisticated consumer.

58. ALG misrepresented the legal status of the Debt in the Delinquent Assessments Letter because the Delinquent Assessments Letter stated that a lien had been filed against the Property securing the Debt despite that the lien was not actually recorded against the Property until November 22, 2017.

59. As a direct and proximate result of ALG's actions, Plaintiffs has sustained damages as defined by 15 U.S.C. §1692k.

WHEREFORE, Plaintiffs, GONZALEZ and SCALZI, request this Court enter a judgment against Defendant Association Law Group, P.L. for each violation in the amount of $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT VIOLATION OF 15 U.S.C. §1692e(5)

60. GONZALEZ and SCALZI reallege paragraphs 1 – 36 herein, and incorporate the same as if fully re-written.

61. ALG is subject to, and has violated the provisions of 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

62. Specifically, in the Notice, Delinquent Assessments Letter, Claim of Lien, Estoppel, Ledger, and Payment History, ALG threatened to enforce a lien that could not be legally

enforced because on information and belief, it secured amounts attributable to unauthorized and miscalculated charges and fees.

63. As a direct and proximate result of ALG's actions, Plaintiffs has sustained damages as defined by 15 U.S.C. §1692k.

WHEREFORE, Plaintiffs GONZALEZ and SCALZI request this Court enter a judgment against Defendant Association Law Group, P.L. for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT FOUR:**
**FAIR DEBT COLLECTION PRACTICES ACT VIOLATION OF 15 U.S.C. §1692e(10)**

64. GONZALEZ and SCALZI reallege paragraphs 1 – 36 herein, and incorporate the same as if fully re-written.

65. ALG is subject to, and has violated the provisions of 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

66. The notices, payoff estoppel, and accounting, separately and together, are deceptive because they suggest that GONZALEZ and SCALZI are responsible for debt that was not properly calculated.

67. Additionally, as set forth above, ALG provided false representations of the amount of debt that GONZALEZ and SCALZI was obligated to pay in the Notice, Delinquent Assessments Letter, Claim of Lien, Estoppel, Ledger, and Payment History.

68. The continuing communications, even when issued at or near the same time, vary markedly and significantly in the amounts they claim owed, which is deceptive to the least sophisticated consumer.

69. As a direct and proximate result of ALG's actions, Plaintiffs  have sustained damages as defined by 15 U.S.C. §1692k.

WHEREFORE, Plaintiff GONZALEZ and SCALZI request this Court enter a judgment against Defendant Association Law Group, P.L. for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT FIVE:**
**FAIR DEBT COLLECTION PRACTICES ACT VIOLATION OF 15 U.S.C. §1692e(11)**

70. GONZALEZ and SCALZI reallege paragraphs 1-36 herein and incorporate the same as if fully re-written.

71. ALG is subject to and has violated 15 U.S.C. §1692(e)(11) by failing to disclose in its initial written communication with Smart that ALG was attempting to collect a debt and that any information obtained will be used for that purpose.

72. The language is confusing and misleading to consumers because it suggests that only information voluntarily provided by the consumer will be used in relation to the debt, when in fact the debt collector would use any information provided *or* obtained to collect the debt.

73. As a direct and proximate result of ALG's actions, Plaintiffs has sustained damages as defined by 15 U.S.C. §1692k.


WHEREFORE, Plaintiff GONZALEZ and SCALZI request this Court enter a judgment against Defendant Association Law Group, P.L. for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SIX:
## FAIR DEBT COLLECTION PRACTICES ACT VIOLATION OF 15 U.S.C.
## §1692g(a)(1)

74. GONZALEZ and SCALZI reallege paragraphs 1-36 herein and incorporate the same as if fully re-written.

75. ALG is subject to, and has violated provisions of 15 U.S.C. §1692g(a)(1) by falsely representing the amount of the Debt in the Notice.

76. The Notice stated that interest as of June 29, 2010 was $5,958.09 even though that amount had not actually accrued as of that date.

77. The Notice stated that interest as of June 29, 2010 was $5,958.09 which amount was calculated in violation of Florida Statutes and/or the homeowner association documents.

78. The Notice states that the Late Fees were $1,675.00; however, those late fees falsely represented the true amount of late fees that could be owing because they were calculated in violation of Florida Statutes and/or the homeowner association documents.

79. The Notice states that, as of January 21, 2016 the Debt is $22,356.12. However, the Ledger states that, as of January 18, 2016 the Debt was $21,877.89, and as of January 28, 2016, the Debt was $22,070.19.

80. The foregoing false representation of the debt would be misleading to the least sophisticated consumer. As a direct and proximate result of ALG's actions, Plaintiffs has sustained damages as defined by 15 U.S.C. §1692k.

WHEREFORE, Plaintiff GONZALEZ and SCALZI request this Court enter a judgment against Defendant Association Law Group, P.L. for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SIX:
## FAIR DEBT COLLECTION PRACTICES ACT VIOLATION OF 15 U.S.C. §1692g(a)(5)

81. GONZALEZ and SCALZI reallege paragraphs 1-36 herein and incorporate the same as if fully re-written.

82. ALG is subject to and has violated the provisions of 15 U.S.C. 1692g(a)(5) by failing to state the correct amount of the debt.

WHEREFORE, Plaintiff GONZALEZ and SCALZI request this Court enter a judgment against Defendant Association Law Group, P.L. for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SEVEN:
## FAIR DEBT COLLECTION PRACTICES ACT VIOLATION OF 15 U.S.C. §1692f(1)

83. GONZALEZ and SCALZI reallege paragraphs 1-36 herein and incorporate the same as if fully re-written.

84. ALG is subject to and has violated 15 U.S.C. §1692f(1) by collecting an amount (including interest, fee, charge, or expense incidental to the principal obligation) that is not expressly authorized by the agreement that created the debt and is not permitted by law.

85. Specifically, ALG recorded a lien securing an obligation to pay the Debt that was A) not allowed by Florida Statutes or Declaration; and B) was, at least in part, barred by the statute of limitations.

86. Additionally, ALG filed a two-count complaint in an attempt to collect an amount that was not permitted by contract or by law and sought to collect Debt that a) was not allowed by Florida Statutes or the Declaration and b) was at least in part, barred by the statute of limitations.

87. As a direct and proximate result of ALG's actions, Plaintiffs has sustained damages as defined by 15 U.S.C. §1692k.

WHEREFORE, Plaintiff GONZALEZ and SCALZI request this Court enter a judgment against Defendant Association Law Group, P.L. for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

GONZALEZ and SCALZI hereby give notice to ALG and TWIN TOWERS CONDOMINIUM ASSOCIATION and demand that ALG, TWIN TOWERS CONDOMINIUM ASSOCIATION and their employees safeguard all relevant evidence—paper, electronic documents, or data pertaining to this potential litigation as required by law.

## GONZALEZ AND SCALZI DEMAND TRIAL BY JURY

Dated: March 13, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served on the parties in accordance with the rules of this court.

**Pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), counsel hereby designates its primary email address for the purposes of email service as: notices@cjapl.com**

Respectfully submitted,

JOANN M HENNESSEY, PL
28 W. Flagler Street, Suite 608
Miami, FL 33130
Tel: (305) 639.8791 / Fax: (954) 677.8881
Email: notices@cjapl.com

By:____/s/Joann M Hennessey_
  □  Joann M. Hennessey
     Florida Bar No.: 192465